(160 App. Div. 866)

JOHNSON et al. v. ROSS et al.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

WILLS (§ 687*)—TRUSTS—CONSTRUCTION—REVERSION.

Where land is left by will in trust to turn the income over to the beneficiary and the principal only if the trustee should so see fit, with power to the beneficiary to dispose of the property by will, the heirs of the beneficiary took no title if the beneficiary died intestate and had not been given

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the land during his lifetime, and the land reverted back to the estate of the testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1638–1643; Dec. Dig. § 687.*]

Submission of controversy between Helen J. Johnson and another against Peter R. Ross and another. Judgment for defendants.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Mangan & Mangan, of Binghamton, for plaintiffs.

Deyo & Hitchcock, of Binghamton, for defendants.

SMITH, P. J. The plaintiffs seek to compel the defendants to execute a contract and accept a deed of certain premises heretofore contracted to be sold by the plaintiffs to the defendants. The defense is that the plaintiffs have not good title to the property and cannot convey. The plaintiffs are the children and sole heirs at law and next of kin of Charles B. Johnson. They claim their title through the will of Primrose S. Johnson, the mother of Charles B. Johnson. This will provides for the payment of debts and for certain legacies, and in the second subdivision of the second paragraph further provides:

That the trustee "shall set aside or hold the balance of said rest, residue and remainder of my estate and pay over and apply the use, interest and income therefrom to my son Charles B. Johnson for his support and that of his family during his lifetime. I hereby authorize and empower my said trustee at any time he shall see fit, my said son Charles B. concurring, to turn over to my said son Charles B. Johnson said principal, whereupon the same shall be his absolutely; and I hereby authorize and direct that the said Charles B. Johnson, whether the said principal shall be passed over to him by my said trustee or not, to dispose the same as he may please by any will or testament."

The property in question is comprised within this residue. It was never turned over to Charles B. Johnson during his lifetime, and Charles B. Johnson died without a will.

I am unable to see how the plaintiffs have full title to this property. If the property had passed to Charles B. Johnson in his lifetime, they would of course inherit. If he had named them by a will, they would take. The provision is made for the rents and profits to be paid to the son Charles B. Johnson for his support and that of his family during his lifetime, with the right to will it at his death. There seems to be no provision that the property shall go to his family after his death in case he shall make no such provision by will. The property would seem to me to revert to the estate of Primrose S. Johnson upon the death of Charles B. Johnson without a will, and to remain the property of that estate undisposed of. If this conclusion be right, the plaintiffs have no title which they can give to this property to the defendants. The defendants are therefore entitled to a judgment against the plaintiffs dismissing the claim and for costs.

Judgment directed for the defendants, with costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes